IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DASHAWN FREDERICK

    PLAINTIFF,

-versus-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICER JAMES
THOMAS, NEW YORK CITY POLICE OFFICER
KENNETH KILROY, NEW YORK CITY POLICE
SERGEANT ANTHONY LAVINO, NEW YORK CITY
POLICE OFFICERS "JOHN DOES 1-4,"

    DEFENDANTS.

13 CV 3996

COMPLAINT
[JURY TRIAL DEMANDED]

JUDGE RAKOFF

---

1. Plaintiff DASHAWN FREDERICK, by his attorneys, STECKLOW, COHEN AND THOMPSON, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

2. Plaintiff DASHAWN FREDERICK brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

3. On Saturday, October 1, 2011 at or around 4:30 P.M., Plaintiff DASHAWN FREDERICK, was minding his own business, chatting with three friends on the street near his home in the Bronx. A marked police car pulled up nearby and a Defendant POLICE OFFICER leapt out and demanded, without explanation, that Plaintiff DASHAWN FREDERICK put his hands up. Plaintiff DASHAWN FREDERICK, who was exhibiting no suspicious behavior, complied, and asked why he was being arrested. In response, a Defendant POLICE OFFICER snarled "we don't have to tell you a goddamn thing," and two of the Defendant POLICE OFFICERS then brandished a baton and pepper spray at DASHAWN FREDERICK. In response to his inquiries, Plaintiff DASHAWN FREDERICK was beaten with one or more batons and pepper-sprayed by the Defendant POLICE OFFICERS.

4. Plaintiff DASHAWN FREDERICK was taken to Bronx Police Service Area 8 ("PSA 8") and held in a cell in handcuffs until EMTs arrived to treat his injuries

1

and pour water in his eyes. Plaintiff DASHAWN FREDERICK was arraigned the following night on false charges, alleging that he resisted arrest and assaulted the Defendant POLICE OFFICERS.  These charges were subsequently dismissed in their entirety and sealed.

5. Plaintiff DASHAWN FREDERICK brings this action in a quest for answers as to why he was punitively arrested without probable cause, brutally beaten, detained, charged with baseless violations and crimes, and forced to appear before the Court on multiple occasions, despite not engaging in any criminal or otherwise unlawful conduct or activity.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C.§§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

7. Plaintiff DASHAWN FREDERICK further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

8. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Defendant THE CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district.

## JURY DEMAND

9. Plaintiff DASHAWN FREDERICK respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

10. At all times pertinent to this complaint, Plaintiff DASHAWN FREDERICK is and was a resident of the City of New York, State of New York, and the County of the Bronx.

11. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the Defendants NEW YORK CITY POLICE OFFICER JAMES THOMAS ("Defendant POLICE OFFICER THOMAS"), NEW YORK CITY POLICE OFFICER KENNETH KILROY ("Defendant POLICE OFFICER KILROY"), NEW YORK CITY POLICE SERGEANT ANTHONY LAVINO ("Defendant POLICE SERGEANT LAVINO"), and NEW YORK CITY POLICE OFFICERS "JOHN DOES 1-4" (collectively "Defendant POLICE OFFICERS" or individually "Defendant POLICE OFFICER") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. The specific identities of the Defendant POLICE OFFICERS at issue here are unknown to Plaintiff DASHAWN FREDERICK at this time, in that Plaintiff DASHAWN FREDERICK is uncertain which of the Defendant POLICE OFFICERS committed which of the specific acts complained-of herein.

15. Plaintiff DASHAWN FREDERICK will amend this complaint to identify the Defendant POLICE OFFICERS who undertook particular conduct in their proper persons as this information becomes available to Plaintiff DASHAWN FREDERICK.

16. That at all times hereinafter mentioned the Defendant POLICE OFFICERS were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

17. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

18. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## **FACTS COMMON TO ALL CLAIMS**

19. Plaintiff DASHAWN FREDERICK is a twenty-five (25) year-old African-American male who presents as black.

20. The events herein described began at or around 4:30 PM on October 1, 2011 in the Bronx, New York.

21. On the afternoon of October 1, 2011, Plaintiff DASHAWN FREDERICK was on Noble Avenue, near Seward Avenue in the Bronx, New York.

22. At that time, Plaintiff DASHAWN FREDERICK was chatting with three friends, two male and one female on the street.

23. As Plaintiff DASHAWN FREDERICK was conversing with his friends, a marked police vehicle pulled up next to them.

24. Plaintiff DASHAWN FREDERICK, and his friends, were not exhibiting any suspicious behavior or engaging in any illegal acts.

25. However, Plaintiff DASHAWN FREDERICK presents as a black male.

26. On information and belief, the preponderance of young men of minority backgrounds in the Bronx strongly believe that factual innocence is no protection from arrest or brutality at the hands of New York City Police Officers for young men of minority backgrounds.

27. As this case and other cases cited below demonstrate, this supposition is not without merit.

28. A Defendant POLICE OFFICER leapt out of the marked police vehicle and demanded that Plaintiff DASHAWN FREDERICK put his hands up.

29. Confused and frightened, Plaintiff DASHAWN FREDERICK complied.

30. Plaintiff DASHAWN FREDERICK asked why he was being arrested.

31. In response, a Defendant POLICE OFFICER snarled "We don't have to tell you a goddamn thing."

32. In response, a Defendant POLICE OFFICER brandished his baton at DASHAWN FREDERICK.

33. In response, a Defendant POLICE OFFICER brandished a can of pepper spray at DASHAWN FREDERICK.

34. Plaintiff DASHAWN FREDERICK again pleaded that the officers tell him why he was being arrested.

35. In response, one or more of the Defendant POLICE OFFICERS proceeded to beat Plaintiff DASHAWN FREDERICK with his fists.

36. In response, one or more of the Defendant POLICE OFFICERS proceeded to beat Plaintiff DASHAWN FREDERICK with his baton.

37. In response, one or more of the Defendant POLICE OFFICERS proceeded to spray pepper spray at Plaintiff DASHAWN FREDERICK.

38. Plaintiff DASHAWN FREDERICK suffered injuries, pain, agony, terror and humiliation as a result of the conduct of the Defendant POLICE OFFICERS.

39. At some point in this process, Plaintiff DASHAWN FREDERICK was handcuffed by one or more of the Defendant POLICE OFFICERS.

40. On information and belief, one or more of the Defendant POLICE OFFICERS knew or should have known that excessive force was being employed against Plaintiff DASHAWN FREDERICK by one or more of the Defendant POLICE OFFICERS.

41. On information and belief, none of the Defendant POLICE OFFICERS present intervened to prevent excessive force from being employed against Plaintiff DASHAWN FREDERICK by one or more of the Defendant POLICE OFFICERS, despite having had a realistic opportunity to do so.

## POST-ARREST

42. Following this arrest by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK was searched by one or more of the Defendant POLICE OFFICERS.

43. The search of Plaintiff DASHAWN FREDERICK by one or more of the Defendant POLICE OFFICERS found no narcotics, weapons, or contraband of any kind.

44. Following the search of Plaintiff DASHAWN FREDERICK by one or more of the Defendant POLICE OFFICERS that found no narcotics, weapons, or contraband of any kind, Plaintiff DASHAWN FREDERICK was transported to the NYPD PSA 8 substation in a police vehicle.

45. Due to the brutal beating and pepper spray administered by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK was suffering from extreme pain and discomfort.

46. Plaintiff DASHAWN FREDERICK repeatedly requested water and/or for someone to wash out his eyes, due to the burning discomfort caused by police application of pepper spray

47. Plaintiff DASHAWN FREDERICK was told by the Defendant POLICE OFFICERS that he would be seen by an EMT.

48. On arrival at PSA 8, Plaintiff DASHAWN FREDERICK was placed in a holding cell, with handcuffs still affixed to his wrists, behind his body.

49. On information and belief, prisoners are generally not held in police holding cells while still in handcuffs.

50. There was no legitimate purpose to the Defendant POLICE OFFICERS' conduct of placing and detaining Plaintiff DASHAWN FREDERICK in a holding cell while he was still in handcuffs.

51. Because Plaintiff DASHAWN FREDERICK was in handcuffs, with his hands behind his back, he could not rub, wipe, or wash his eyes, which were still in great pain and discomfort from the Defendant POLICE OFFICERS' application of pepper spray.

52. After a period of hours, Plaintiff DASHAWN FREDERICK's handcuffs were removed, immediately before EMTs were escorted in to see him.

53. The EMTs washed Plaintiff DASHAWN FREDERICK's eyes and told him he should go to a hospital for further treatment.

54. Plaintiff DASHAWN FREDERICK was afraid that he would be transported by the Defendant POLICE OFFICERS if he requested to go to a hospital, and feared that the Defendant POLICE OFFICERS would further injure him if he were placed into their custody, and therefore declined to go to a hospital at that time.

55. Plaintiff DASHAWN FREDERICK was held at PSA 8 overnight on October 1, 2011.

56. Plaintiff DASHAWN FREDERICK was fingerprinted.

57. Plaintiff DASHAWN FREDERICK was photographed.

58. After a time, Plaintiff DASHAWN FREDERICK was transferred to Bronx Central Booking.

59. In the late evening of Sunday, October 2, 2011, Plaintiff DASHAWN FREDERICK was arraigned on charges of Assault 3, Resisting Arrest, Disorderly Conduct, Attempted Assault 3, and Harassment 2.

60. There was no basis in fact for any of the aforesaid charges.

61. In the criminal complaint relating to this arrest, Defendant POLICE OFFICER THOMAS averred that Plaintiff DASHAWN FREDERICK allegedly matched the physical description of a robbery suspect known to live near the location where Plaintiff DASHAWN FREDERICK was accosted, beaten and arrested.

62. On information and belief, the Plaintiff only resembles the alleged suspect, if any, to the extent that both the Plaintiff and the alleged suspect were black males.

63. In the criminal complaint relating to this arrest, Defendant POLICE SERGEANT LAVINO averred that Plaintiff DASHAWN FREDERICK allegedly elbowed him in the face as he attempted to handcuff him.

64. This allegation is simply false.

65. Further, no basis for why the Defendant POLICE OFFICERS saw fit to handcuff Plaintiff DASHAWN FREDERICK based only on his alleged resemblance to a suspect is provided in the criminal complaint, nor has any explanation of said conduct been proffered to date.

66. In the criminal complaint relating to this arrest, Defendant POLICE OFFICER KILROY averred that Plaintiff DASHAWN FREDERICK attempted to punch him while he was being handcuffed.

67. This allegation is also patently false.

68. It is telling that the Defendant POLICE OFFICER THOMAS, who would have observed both of these alleged assault incidents as an officer present at the scene, declined to aver to them in the criminal complaint herein.

69. On information and belief, this is indicative of the NYPD custom or practice of officers condoning one anothers' uses of excessive force and misconduct, wherein officers such as Defendant POLICE OFFICER THOMAS do not intervene to prevent uses of force and false averments in official documents covering up same, on threat of retaliation by said fellow officers.

70. Further information regarding this custom or practice is set forth in the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

71. Late Sunday night, October 2, 2011, Plaintiff DASHAWN FREDERICK was released after his arraignment on his own recognizance.

72. The following day, Plaintiff DASHAWN FREDERICK sought medical attention at a local hospital, and was diagnosed with contusions and was prescribed and administered an injection of an anti-inflammatory medication.

73. Thereafter, Plaintiff DASHAWN FREDERICK returned to court over ten (10) times in relation to this incident.

74. At his final appearance before the court, the charges preferred against Plaintiff DASHAWN FREDERICK were dismissed and sealed in their entirety.

75. On information and belief, it is common practice among NYPD officers to stop people with no actual belief a crime is being committed.

76. On information and belief, this practice flows from the exceedingly broad ambit and mandatory nature of Defendant THE CITY OF NEW YORK's "stop and frisk" program.

77. Information supporting the existence of the above-referenced abuses of "stop and frisk" are pled in detail below, in the appendix hereto titled "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

78. At the time of the October 1, 2011 Bronx, New York incident and brutal beating administered by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK did not have any warrants outstanding for his arrest.

79. At the time of the October 1, 2011 Bronx, New York incident and brutal beating administered by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK was not carrying a weapon of any sort.

80. At the time of the October 1, 2011 Bronx, New York incident and brutal beating administered by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK was not carrying any illegal substances.

81. At the time of the October 1, 2011 Bronx, New York incident and brutal beating administered by the Defendant POLICE OFFICERS, Plaintiff DASHAWN FREDERICK was not engaged in any illegal activity of any kind.

82. The particular stop of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid unconstitutional custom and/or policy of unlawful stops used as a fishing expedition by the New York City Police Department.

83. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid custom or practice of stopping individuals on the street without reasonable suspicion.

84. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid custom and practice of being able to stop and charge individuals with crimes and violations for personal vindication and/or as pretexts to justify use of force, and/or to justify punitive false arrests because Plaintiff DASHAWN FREDERICK'S arrest was undertaken in the absence of probable cause to arrest.

85. On information and belief, the custom or practice of condoning "contempt of cop" and "cover charges" creates an environment where police know they can stop and treat anyone however they want.

86. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid custom or practice of charging individuals with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration for personal vindication and/or as pretexts to justify use of force, and/or to justify punitive false arrests because it was undertaken in a manner which indicated that the individual Defendant POLICE OFFICERS who participated in Plaintiff DASHAWN FREDERICK's arrest made the determination to arrest Plaintiff DASHAWN FREDERICK before determining why Plaintiff DASHAWN FREDERICK should be arrested.

87. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid custom or practice of charging individuals with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration for personal vindication and/or as pretexts to justify use of force, and/or to justify punitive false arrests, because the Defendant POLICE OFFICERS arrested Plaintiff DASHAWN FREDERICK after it was already established that Plaintiff DASHAWN FREDERICK was not carrying any weapons or illegal substances, and did not have any outstanding warrants against him, but after Plaintiff DASHAWN

FREDERICK had been seized and brutally beaten by the Defendant POLICE OFFICERS.

88. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because it was undertaken in the absence of probable cause to arrest.

89. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because it was undertaken in a manner which indicated that the individual Defendant POLICE OFFICERS who participated in Plaintiff DASHAWN FREDERICK's arrest made the determination to arrest Plaintiff DASHAWN FREDERICK before determining why Plaintiff DASHAWN FREDERICK should be arrested.

90. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because Plaintiff DASHAWN FREDERICK was arrested after it was already established that he was not carrying any weapons or illegal substances, did not have any outstanding warrants against him, and was not engaged in illegal conduct of any kind just before the time of his arrest.

91. As a result of the forgoing, Plaintiff DASHAWN FREDERICK sustained, *inter alia*, mental injuries, emotional distress, embarrassment, loss of property, physical injuries, damage of property, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

92. Plaintiff DASHAWN FREDERICK repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93. All of the aforementioned acts of Defendant THE CITY OF NEW YORK (alternatively, "Defendant CITY) and the Defendant POLICE OFFICERS (collectively, "Defendants"), their agents, servants and employees, were carried out under the color of state law.

94. All of the aforementioned acts deprived Plaintiff DASHAWN FREDERICK of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

95. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

96. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

97. The Defendant POLICE OFFICERS and Defendant THE CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

98. Further information regarding the existence of the aforesaid constitutionally-violative customs, policies and practices of Defendant THE CITY OF NEW YORK and its police officers, as well as of Defendant THE CITY OF NEW YORK's knowledge of same and Defendant THE CITY OF NEW YORK's failures to address same are set forth in the appendix to this complaint.

99. As a result of the above constitutionally impermissible conduct, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

100. As a result of Defendants' impermissible conduct, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

101. Plaintiff DASHAWN FREDERICK repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102. As a result of the aforesaid conduct by Defendants, Plaintiff DASHAWN FREDERICK was subjected to an illegal, improper and false arrest by the Defendant POLICE OFFICERS and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

103. As a result of the above constitutionally impermissible conduct, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

104. As a result of Defendants' impermissible conduct, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

105. Plaintiff DASHAWN FREDERICK repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

106. The Defendant POLICE OFFICERS and Defendant THE CITY OF NEW YORK had an affirmative duty to intervene on Plaintiff DASHAWN FREDERICK'S behalf to prevent the above-referred violations of his constitutional rights.

107. The individual Defendant POLICE OFFICERS failed to intervene on Plaintiff DASHAWN FREDERICK'S behalf to prevent the violation of his constitutional rights despite having had realistic opportunities to do so.

108. The individual Defendant POLICE OFFICERS failed to intervene on Plaintiff DASHAWN FREDERICK's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which Plaintiff DASHAWN FREDERICK's rights were violated by their affirmative conduct.

109. As a result of the aforementioned conduct of the individual defendants, Plaintiff DASHAWN FREDERICK'S constitutional rights were violated.

110. As a result of the above constitutionally impermissible conduct, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

111. As a result of Defendants' impermissible conduct, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

112.   Plaintiff DASHAWN FREDERICK repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

113.   One or more of the Defendant POLICE OFFICERS administered a brutal beating upon Plaintiff DASHAWN FREDERICK in the absence of need for such action and force.

114.   One or more of the Defendant POLICE OFFICERS pepper sprayed Plaintiff DASHAWN FREDERICK in the absence of need for such action and force.

115.   One or more of the Defendant POLICE OFFICERS caused Plaintiff DASHAWN FREDERICK to be held in a holding cell while still in handcuffs, in the absence of any legitimate need for such measures.

116.   The level of force employed by the Defendant POLICE OFFICERS against Plaintiff DASHAWN FREDERICK was objectively unreasonable.

117.   The force employed by the Defendant POLICE OFFICERS against Plaintiff DASHAWN FREDERICK did not advance any proper government objective.

118.   As a result of the aforementioned conduct of Defendants, Plaintiff DASHAWN FREDERICK was subjected to excessive force and sustained physical injuries.

119.   As a result of the above constitutionally impermissible conduct, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses, and damage to his reputation and standing within his community.

120.   As a result of Defendants' impermissible conduct, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER *MONELL***

121. Plaintiff DASHAWN FREDERICK repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

122. Plaintiff also incorporates herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

123. Defendants used excessive force on Plaintiff DASHAWN FREDERICK in the absence of any evidence of criminal wrongdoing or other justification for the use of such force, notwithstanding their knowledge that said uses of force were unreasonable, unjustified, and would jeopardize Plaintiff DASHAWN FREDERICK's liberty, well-being, safety and constitutional rights.

124. Defendants arrested and incarcerated Plaintiff DASHAWN FREDERICK in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff DASHAWN FREDERICK'S liberty, well-being, safety and constitutional rights.

125. The acts complained of were carried out by the aforementioned individual Defendant POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

126. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

127. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. the continuing practice or custom of New York City Police Officers utilizing disproportionate force in a punitive, retaliatory or otherwise wrongful manner in interactions with civilians generally;
   b. the continuing practice or custom of New York City Police Officers utilizing disproportionate force in a punitive, retaliatory or otherwise wrongful manner in interactions with minorities;
   c. the continuing practice or custom of New York City Police Officers wrongfully arresting individuals without conducting investigations

  sufficient to ascertain whether there is probable cause to arrest said persons;

 d. the continuing practice or custom of New York City Police Officers wrongfully arresting minority individuals without conducting investigations sufficient to ascertain whether there is probable cause to arrest said persons;

 e. the continuing practice or custom of New York City Police Officers wrongfully stopping people without any reasonable cause often leading to unprovoked police violence;

 f. the continuing practice of failing to properly screen, supervise, discipline, transfer, counsel, or otherwise control police officers engaged in the excessive use of force or in warrantless or otherwise unconstitutional arrests or otherwise impermissible violations of individuals' constitutional rights, particularly with respect to officers who are repeatedly accused of such acts;

 g. the custom or practice of members of the New York City Police Department known as the "Blue Wall of Silence," wherein members of the New York City Police Department intentionally and willfully fail to cooperate with investigations into the misconduct or corrupt activities of their fellow officers, a practice which leads New York City Police Officers to regularly condone and cover up police abuse of power by telling false and incomplete stories.

128. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department evince deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff DASHAWN FREDERICK.

129. As a result of the above constitutionally impermissible conduct, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

130. As a result of Defendants' impermissible conduct, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

131. Plaintiff DASHAWN FREDERICK repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

132. Plaintiff also incorporates herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

133. At all times described herein, Plaintiff DASHAWN FREDERICK was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

134. The Defendant POLICE OFFICERS arrested and incarcerated Plaintiff DASHAWN FREDERICK in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

135. The acts complained of were carried out by the aforementioned individual Defendant POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

136. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

137. Plaintiff DASHAWN FREDERICK was taken into Police custody and detained against his will overnight.

138. That upon release, it was suggested to Plaintiff DASHAWN FREDERICK that he should not report the wrongdoing of the Defendant Police Officers.

139. That the actions of the Defendant POLICE OFFICERS heretofore described, constituted unlawful detention, imprisonment, assault and battery and malicious prosecution and were designed to and did cause specific bodily harm, pain and suffering both in violation of Plaintiff DASHAWN FREDERICK'S Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for Plaintiff DASHAWN FREDERICK'S exercise of his civil and constitutional rights of free, free expressive association as guaranteed by the Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

140. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

141. The particular arrest of Plaintiff DASHAWN FREDERICK is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals, because the Defendant POLICE OFFICERS informed Plaintiff DASHAWN FREDERICK that he was being arrested after it was already established that Plaintiff DASHAWN FREDERICK was not carrying any weapons or illegal substances, and did not have any outstanding warrants against him.

142. The Defendant POLICE OFFICERS, through their actions, carried out a discriminatory application of such laws, driven by a discriminatory motivation of what might otherwise be facially neutral statutes due to a perceived ease of prosecution.

143. As a result of the aforementioned conduct, the Defendants POLICE OFFICERS have violated Plaintiff DASHAWN FREDERICK'S constitutional rights to equal protection, and Plaintiff DASHAWN FREDERICK is entitled to seek redress under 42 U.S.C. §1983, and is further entitled to injunctive relief to the extent necessary to prevent further disparate treatment and retaliation.

144. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff DASHAWN FREDERICK as alleged herein.

145. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff DASHAWN FREDERICK as alleged herein.

146. As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department, Plaintiff DASHAWN FREDERICK was subjected to excessive force, false arrest, and excessive and unnecessary detention.

147. As a result of the foregoing, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violations of his civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to his reputation and standing within his community.

148. As a result of the foregoing, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

149. Plaintiff DASHAWN FREDERICK repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

150. Defendants misrepresented and falsified evidence before the District Attorney.

151. Defendants did not make a complete and full statement of facts to the District Attorney.

152. Defendants withheld exculpatory evidence from the District Attorney.

153. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff DASHAWN FREDERICK.

154. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff DASHAWN FREDERICK.

155. Defendants acted with malice in initiating criminal proceedings against Plaintiff DASHAWN FREDERICK.

156. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff DASHAWN FREDERICK.

157. Defendants lacked probable cause to continue criminal proceedings against Plaintiff DASHAWN FREDERICK.

158. Defendants acted with malice in continuing criminal proceedings against Plaintiff DASHAWN FREDERICK.

159. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

160.  Notwithstanding the perjurious, fraudulent and malicious conduct of defendants, the criminal proceedings were terminated in Plaintiff DASHAWN FREDERICK's favor, when all charges against him were dismissed.

161.  As a result of the foregoing, Plaintiff DASHAWN FREDERICK was caused to suffer personal injuries, violations of his civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to his reputation and standing within his community.

162.  As a result of the foregoing, Plaintiff DASHAWN FREDERICK demands judgment against Defendants in a sum of money to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
## RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION
## UNDER 42 U.S.C. § 1983

163.  Plaintiff DASHAWN FREDERICK repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

164.  Plaintiff DASHAWN FREDERICK was engaged in First Amendment protected expression when he inquired as to why he was being arrested.

165.  Defendants took adverse action against Plaintiff DASHAWN FREDERICK for engaging in such protected speech and conduct, including but not limited to beating and pepper spraying Plaintiff DASHAWN FREDERICK.

166.  The causal connection between Plaintiff DASHAWN FREDERICK's protected expression and the Defendant POLICE OFFICERS retaliatory conduct is demonstrated by, among other things, the beating and pepper spraying of DASHAWN FREDERICK, who was complying with police orders and asking why they were arresting him.

167.  As a result of the individual defendants' retaliatory acts, Plaintiff DASHAWN FREDERICK suffered physical injuries.

168.  As a result of the individual defendants' retaliatory acts, Plaintiff DASHAWN FREDERICK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

169.  As a result of the individual defendants' retaliatory acts, Plaintiff DASHAWN FREDERICK has suffered other injuries, damages, and losses.

170. As a result of the foregoing, Plaintiff DASHAWN FREDERICK is entitled to compensatory damages against the Defendants in amounts to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

<u>I.</u> Invoke pendent party and pendent claim jurisdiction.

<u>II.</u> Award appropriate compensatory and punitive damages.

<u>III.</u> Award appropriate declaratory and injunctive relief.

<u>IV.</u> Empanel a jury.

<u>V.</u> Award attorney's fees and costs.

<u>VI.</u> Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
June 11, 2013

Respectfully submitted,

_____~//s//~_____
SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
10 SPRING ST, SUITE 1
NEW YORK, NY 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFF